**[J-76-2025] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| IN THE INTEREST OF: G.G.B., A MINOR | : No. 35 WAP 2024 |
| | : |
| | : Appeal from the Order of the |
| APPEAL OF: J.B., MOTHER | : Superior Court entered September |
| | : 25, 2024, at No. 1353 WDA 2023, |
| | : Affirming the Order of the Court of |
| | : Common Pleas Allegheny County |
| | : Juvenile Division entered November |
| | : 8, 2023, at No. CP-02-DP-0000410- |
| | : 2023. |
| | : |
| | : ARGUED: October 7, 2025 |

**CONCURRING OPINION**

**JUSTICE BROBSON**                                      **DECIDED: MARCH 26, 2026**

I agree with the Majority that the Court of Common Pleas of Allegheny County had subject matter jurisdiction over the present appeal and, therefore, join Section II.A. of the Majority Opinion. Regarding venue, I also agree with the Majority that Section 6321(b)(1), (3) of the Juvenile Act[1] and Pennsylvania Rule of Juvenile Court Procedure (Rule) 1300(A) "clearly and unambiguously provide that venue is proper in a dependency proceeding only in the county in which the child is present or resides." (Majority Op. at 25.) I part ways with the Majority, however, to the extent that its reading of Section 6321(b)(1), (3) and Rule 1300(A) results in a determination that a hospitalized newborn infant has no residence.

The parties in this matter overwhelmingly agree that, in determining a newborn infant's residence, the court of common pleas should at least consider the residence of

---

[1] 42 Pa. C.S. § 6321(b)(1), (3).

the parents. (*See* J.B.'s (Mother) Br. at 19; Allegheny County Office of Children, Youth, and Families' Br. at 15; R.B.'s (Father) Br. at 14 (unpaginated); G.G.B.'s (Child) Br. at 8.) This position is not novel, and, indeed, this Court's jurisprudence supports it. As the Majority notes, this Court previously adopted a trial court's opinion, which stated in no uncertain terms that, "ordinarily[,] . . . the residence of [an] infant is that of its father, mother, or other natural guardian." *Petition of Wagner*, 112 A.2d 352, 354-55 (Pa. 1955). The trial court reached this conclusion by acknowledging that the related doctrine of domicile is established for infants "by the acts and intention of the one who is entitled to the custody and control thereof." *Id.* at 354. Admittedly, the present matter is distinguishable from the matter discussed in *Petition of Wagner* because circumstances involving a hospitalized newborn infant are unique; the child has never "resided" anywhere. Alongside this biological reality, however, is the understanding that a newborn infant cannot stay in the hospital indefinitely, and a plan for his/her intended residence must be made at some point. Unimpeded, this plan would be devised by the persons who possess custody or control of the child.

That being said, I agree with the Majority that establishing a parent's residence is insufficient to establish venue for a dependency proceeding, as both Section 6321(b)(1), (3) of the Juvenile Act and Rule 1300(A) explicitly limit venue to the county in which *the child* resides or is present—not the county or counties in which the parents reside. This is understandable. In my view, this distinction accounts for circumstances where a parent might choose, at times, to reside apart from the child. In those circumstances, the parent could not claim his/her residence as the child's residence, as the child never resided and was never intended to reside at that location. Rather, the parent would need to establish a location where, in the very least,

preparations were made for the child to reside.[2]  In the context of a hospitalized newborn infant, such evidence would, conceivably, include proof of a parent or caregiver's residence and accompanying testimony regarding the intended residence for the child following discharge from the hospital.

Unfortunately, due to unremarkable lawyering, no record was developed in this matter, and it is now too late for a retroactive venue determination to be made.  What is done is done, and there is no undoing it without further harm to the stability and wellbeing of Child.  All that can be done is to remand the matter for a new, present venue determination to be made for any future proceedings related to Child's dependency and care.  To the extent the Majority orders such a result, I concur.

---

[2] It is on this point that my position diverges from Justice Mundy's Concurring Opinion. While I agree with much of her statutory construction analysis, I disagree that a trial court should simply "impute" the parents' residence to the newborn infant. (Concurring Op. at 6 (Mundy, J.).)  Even where an intention-based standard would often result in the same determination as imputing the parents' residence, I believe the General Assembly and this Court have clearly indicated the importance of the distinction between a child's residence and that of his/her parents.